| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with**<br>**D.N.J.LBR 9004-1**<br><br>**STEWART LEGAL GROUP, P.L**.<br>*Formed in the State of Florida*<br>Gavin N. Stewart, Esq.<br>*Of Counsel to Bonial & Associates, P.C.*<br>401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>Tel: 813-371-1231/Fax: 813-371-1232<br>E-mail: gavin@stewartlegalgroup.com<br>*Attorney for Toyota Motor Credit Corporation* | Order Filed on August 22, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>Melanie S. Chavez-Parham<br>                               Debtor. | Chapter: 13<br><br>Case No.: 25-11772-VFP<br><br>Hearing Date: September 4, 2025<br><br>Judge Vincent F. Papalia |

**CONSENT ORDER RESOLVING MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

The relief set forth on the following pages is hereby **ORDERED**.

**DATED: August 22, 2025**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Debtor:              Melanie S. Chavez-Parham
Case No.:            25-11772-VFP
Caption of Order:    **CONSENT ORDER RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER having been opened to the Court upon the Motion for Relief From the Automatic Stay ("Motion") filed by Toyota Motor Credit Corporation ("Creditor"), whereas the underlying loan is current as of August 21, 2025, and whereas the Debtor and Creditor seek to resolve the Motion, it is **ORDERED**:

1. The automatic stay provided under 11 U.S.C. §362(a) shall remain in effect as to Creditor's interest in the following property: **2019 Toyota C-HR, VIN: NMTKHMBX3KR083831** provided that the Debtor complies with the following:

    a. The Debtor shall resume making the regular monthly payments to Creditor as they become due beginning with the **August 28, 2025** payment.

2. All payments due hereunder shall be sent directly to the Creditor at the following address: **Toyota Motor Credit Corporation P.O. Box 9490, Cedar Rapids, Iowa 52409-9490**.

3. The Debtor will be in default under the Consent Order in the event that the Debtor fails to comply with the payment terms and conditions set forth in above paragraphs and/or if the Debtor fails to make any payment due to Creditor under the Chapter 13 Plan.

4. If the Debtor fails cure the default within thirty (30) days from the date of default, Creditor may submit a Certificate of Default to the Court on fourteen (14) days' notice to counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) permitting Creditor to exercise any rights under the loan documents with respect to the vehicle.

5. Creditor is awarded reimbursement of attorney fees and costs in the amount of $250.00 and $199.00, respectively, to be paid through the Chapter 13 Plan.

**STIPULATED AND AGREED**:

| | |
|---|---|
| */s/ Nicholas Fitzgerald* | */s/Gavin N. Stewart* |
| Nicholas Fitzgerald, Esq. | Gavin N. Stewart, Esq. |
| Fitzgerald & Associates | Stewart Legal Group, P.L. |
| 649 Newark Avenue | 401 East Jackson Street, Suite 2340 |
| Jersey City, NJ 07306 | Tampa, FL 33602 |
| *Counsel to Debtor* | *Counsel to Creditor* |